**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4572**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK ANDREW BERGER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:15-cr-00002-NKM-2)

Submitted: August 31, 2017                          Decided: September 12, 2017

Before WILKINSON, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, John R. Lystash, Third Year Law Intern, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Andrew Berger was found guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). He was sentenced to 270 months' imprisonment. On appeal, Berger argues that the district court erred in holding him responsible, as relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) (2015), for the drug amounts distributed by three of his nephews who were part of the conspiracy. We affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we review "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error," *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "Clear error is demonstrated when the reviewing court, considering all of the evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. Foster*, 824 F.3d 84, 90 (4th Cir. 2016) (ellipsis and internal quotation marks omitted). "The government must prove by a preponderance of the evidence the quantity of drugs for which a defendant is responsible." *United States v. McGee*, 736 F.3d 263, 271 (4th Cir. 2013).

"Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). "Relevant conduct in conspiracy cases includes all reasonably foreseeable acts and

2

omissions of others in furtherance of the jointly undertaken criminal activity." *Id.* (citing USSG § 1B1.3(a)(1)(B)) (internal quotation marks omitted).

"[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." *Id.* (emphasis and internal quotation marks omitted). Sentencing courts are required "to make particularized findings with respect to both the scope of the defendant's agreement and the foreseeability of the conduct at issue." *Id.* at 256 (emphasis, brackets, and internal quotation marks omitted).

In Berger's presentence report the probation officer did find Berger responsible for the drug amounts distributed by his three nephews. At sentencing, however, the district court relied only on the drug distribution of Berger's nephew Justin Berger ("Justin") to determine Berger's relevant conduct for purposes of drug weight. The district court specifically referenced Justin's uncontroverted trial testimony for its finding that Berger should be held responsible for Justin's distribution of over 58 kilograms of cocaine base; Justin testified that he frequently converted cocaine into crack at Berger's residence over a period in excess of three years and that Berger was compensated for the use of his residence in cocaine and cash. The district court found at sentencing that Berger was aware of Justin's activities and that this conduct was within the scope of the conspiracy. Thus, we find no clear error in the district court's drug weight finding, *Crawford*, 734 F.3d at 342, and conclude that the Government sufficiently proved the drug quantity attributable to Berger by a preponderance of the evidence. *McGee,* 736 F.3d at 231.

3

Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*